HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPHINA HERNANDEZ-GARETE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CASE NO. C16-892-RAJ<br><br>ORDER |

　　This matter comes before the Court on Petitioner Josephina Hernandez-Garete's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Dkt. # 1. For the reasons that follow, the Court **DENIES** Ms. Hernandez-Garete's motion.

　　Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

ORDER- 1

Under 28 U.S.C. § 2253(c), there is no right to appeal from a final order in a proceeding under section 2255 unless a circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

Ms. Hernandez-Garete's motion is based upon her assertion that her sentence was based on the residual clause of the Sentencing Guidelines. *See, generally*, Dkt. # 1. She cites *Johnson v. United States*, 135 S.Ct. 2551 (2015), for her argument that if her sentence is based upon the residual clause, then she is entitled to resentencing. *Id*. However, her statements are not consistent the Pre-Sentence Report in this matter. CR12-163, Dkt. # 28. There is no evidence that Ms. Hernandez-Garete's sentence was based upon the residual clause, nor any other clause with similar language. *Id.* Moreover, the Supreme Court recently decided that Sentencing Guidelines are not subject to constitutional challenges based on vagueness, and therefore *Johnson* is not properly applied in this context. *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).

For the all the foregoing reasons, the motion is **DENIED**. Dkt. # 1, 6. The Court directs the Clerk to **DISMISS** this action. The Court finds that reasonable jurists would not debate the resolution of this motion. Accordingly, the Court declines to issue a certificate of appealability. *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 21st day of March, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 2